**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Gil Salas, | ) No. CV-13-1731-PHX-LOA |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's decision denying his application for disability insurance benefits and supplemental security income. The parties have expressly consented in writing to proceed before the undersigned Magistrate Judge per 28 U.S.C. § 636(c). (Doc. 10) Plaintiff has filed an Opening Brief, the Commissioner has filed a Response, and Plaintiff has filed a Reply. (Docs. 13-15)  After review of the record, briefing and applicable law, the decision of the Commissioner is affirmed.

**I. Background**

Plaintiff filed applications for disability insurance benefits and supplemental security income under the Social Security Act in April 2010, when he was 42 years old. (AR[1] 200-

---

[1] Citations to "AR" are to the administrative record.

207) Plaintiff, who has an eleventh grade education and worked as a mechanic and "tire man" from 1989 to 2007, claims he became unable to work because of a disabling condition that resulted from a workplace injury on February 23, 2007. (AR 41, 211-213) Plaintiff identified spinal stenosis and disc herniations as the conditions that limit his ability to work. (AR 212)

A hearing was held before an Administrative Law Judge ("ALJ") on April 2, 2012. (AR 37-65) In an April 6, 2012 decision, the ALJ determined Plaintiff has the following severe impairments: multilevel degenerative changes in thoracic spine, minimal degenerative changes in lumbar spine, and osteopenia in left ankle. (AR 22) The ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 24-25) The ALJ further found Plaintiff has the residual functional capacity[2] ("RFC") to perform a range of medium work as follows: Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can stand and/or walk for six hours out of eight-hour workday; he can sit for six hours out of an eight-hour workday; and he can occasionally climb ladders, ropes and scaffolds. (AR 25) Based on this RFC assessment, the ALJ determined Plaintiff is capable of performing his past relevant work as a general mechanic. (AR 31) Accordingly, the ALJ ruled that Plaintiff has not been under a disability within the meaning of the Social Security Act since the date of onset through the date of the decision, and is not entitled to disability benefits. (*Id.*)

**II. Analysis**

Plaintiff argues the ALJ erred by: 1) misinterpreting to the detriment of Plaintiff the functional capacity assessment of a treating orthopedic physician; and 2) improperly rejecting

---

[2] The term "residual functional capacity" means the most an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. *See* 20 C.F.R § 404.1545(a)(1-2).

the opinions of other treating physicians. (Doc. 13) The Commissioner disputes Plaintiff's arguments and contends the administrative decision is supported by substantial evidence and free of harmful legal error.

The undersigned Magistrate Judge has reviewed the record and finds that the ALJ's decision is supported by substantial evidence. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

First, the Court finds no error in the ALJ's interpretation of, or his decision to give the "greatest weight" to, the opinion of Jerome C. Hall, M.D., an orthopedic surgeon who treated Plaintiff from June 2008 to March 2009 in connection with Plaintiff's worker's compensation claim. (AR 305-327) The opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician, as "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of a claimant's medical impairments. 20 C.F.R. § 404.1527(c)(2). "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

The ALJ relied on Dr. Hall's January 19, 2009 assessment, finding that Plaintiff, although he has reached his maximum medical improvement, "lost 50% of his pre-injury capacity for lifting, bending and stooping." (AR 28) Plaintiff's past work was performed at a "heavy" level of exertion and required occasionally lifting up to 100 pounds and frequently lifting 50 pounds. (AR 53, 222) The ALJ determined, therefore, that Plaintiff retains the ability to lift 50 pounds occasionally and 25 pounds frequently. (AR 25) This was a reasonable deduction for the ALJ to make based on Dr. Hall's assessment, and is not a "giant leap" as Plaintiff contends. As the Commissioner argues in the response, the fact that Dr. Hall in previous visits restricted Plaintiff to lifting twenty pounds or less, does not mean he intended to maintain that same restriction in his final "permanent and stationary" report. The

ALJ reasonably interpreted Dr. Hall's assessment and appropriately relied on the assessment in determining Plaintiff's RFC.

Plaintiff further points out that the ALJ found Plaintiff could perform his past relevant work as a mechanic, even though Dr. Hall opined Plaintiff could not return to his prior occupation. Plaintiff argues this further shows the ALJ misinterpreted or improperly relied on Dr. Hall's assessment. The Court, however, agrees with the Commissioner's response that this was a vocational opinion, not a medical opinion. As such, Dr. Hall's opinion of whether Plaintiff could perform his prior work as a mechanic was entitled to no special weight. *See* 20 C.F.R. § 404.1527(d)(1)-(3) (medical source opinions on issues reserved to the Commissioner are not given any special significance); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one.") For these reasons, the Court finds no error in the ALJ's interpretation of, and reliance on, Dr. Hall's medical opinions to determine Plaintiff's RFC, and in the ALJ's non-reliance on Dr. Hall's vocational opinion that Plaintiff could not return to his prior work.

Second, Plaintiff argues the ALJ improperly rejected the opinions of other treating doctors. He claims the ALJ failed to even address a work-related assessment by a treating doctor at La Paz Medical Services. The assessment Plaintiff identifies, however, is clearly incomplete. (AR 386) The assessment is not signed, not dated and is only one page of what appears to be a multi-page document. (*Id.*) Plaintiff argues the ALJ's failure to address it is an implicit rejection of a treating doctor's assessment for which the ALJ provided no reasons. Plaintiff claims it is clear from the document's context that the assessment was done by Dr. Brown at La Paz Medical Services in May 2009. The Court disagrees. It is not the ALJ's responsibility to speculate about what may be included in what is clearly an incomplete assessment. The Court finds no error in the ALJ's failure to explicitly reject the partial assessment and provide reasons.

The Court further finds the ALJ reasonably weighed the other medical opinion evidence. If a treating doctor's opinion is contradicted by another doctor, the ALJ can reject it by providing "'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)) The ALJ rejected the "Medical Assessment of Ability to Do Work-Related Activities" form completed by Dale Ratcliffe, D.O., on January 19, 2010. (AR 29) The ALJ found this "checklist-style" form appeared "to have been completed as an accommodation" to Plaintiff and it "includes only diagnoses and terse conclusions regarding functional limitations without significant rationale for those conclusions." (AR 30) Indeed, Dr. Ratcliffe's assessment contains no explanation at all for the significant restrictions he sets forth. (AR 405-407) The ALJ further explains that the MRI findings included with the form assessment "showed only mild findings that do not support the severe limitations assessed in the forms." (AR 30) An ALJ is not required to accept a brief and conclusory opinion from a treating physician that is unsupported with clinical findings or by the record as a whole. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

To the extent Dr. Ratcliffe's assessment was based on Plaintiff's subjective complaints, the ALJ further found that, as explained elsewhere in his decision, there were "good reasons for questioning the reliability" of Plaintiff's subjective complaints. (AR 30) The Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Ratcliffe's checklist assessment, and Plaintiff has failed to demonstrate otherwise.

Similarly, the Court finds no error in the ALJ's rejection of the assessment by John Prieve, D.O., a one-time consultative examiner. As with a treating physician, an ALJ may not reject an examining physician's opinion that is contradicted without setting forth "specific and legitimate reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. The ALJ summarized Dr. Prieve's findings from his physical examination of Plaintiff on November 21, 2009. (AR 28) As the ALJ noted, Dr. Prieve opined that

1  Plaintiff could perform light work. (AR 389-384) The ALJ gave that opinion "less weight"
2  because, unlike Dr. Hall's opinion as a treating physician, Dr. Prieve's assessment was based
3  on a single encounter with Plaintiff. (AR 30) In addition, Dr. Prieve did not have the
4  opportunity to review Plaintiff's longitudinal medical history. (*Id.*) The Court finds these are
5  specific and legitimate reasons supported by substantial evidence for assigning less weight
6  to Dr. Prieve's opinion and greater weight to Dr. Hall's opinion. Plaintiff has not
7  demonstrated any error.

8  Finally, the Court finds no error in how the ALJ treated the findings of Lisa J. Stearns,
9  M.D. Plaintiff argues the ALJ failed to address an assessment by Dr. Stearns that provided
10 very limited sit, stand and walk restrictions. As Plaintiff acknowledges, the ALJ discussed
11 Dr. Stearns' treatment of Plaintiff for pain management. (AR 28-29) The ALJ noted that Dr.
12 Stearns' examination of Plaintiff on June 14, 2011 was unremarkable, in that he had normal
13 range of motion of the lumbar spine and all extremities, and no tenderness in the thoracic and
14 lumbar spine. (*Id.*) Plaintiff's neurological examination was also within normal limits, but
15 Plaintiff continued to complain of uncontrolled low back pain. (AR 29) In a subsequent
16 "Request for Medical Information" signed by Dr. Stearns, it states under "Relevant Clinical
17 Findings" that Plaintiff has difficulty standing and walking for more than 15-30 minutes and
18 is unable to sit for more than 15 minutes without pain. (AR 520) Nothing in the title of the
19 form, however, suggests it was intended as a functional capacity assessment by a treating
20 physician. Moreover, the form does not look like other functional capacity assessment forms
21 or contain information that is typically found in such forms. The Court, therefore, finds no
22 error in the ALJ's failure to directly address this form in the decision and treat it as an
23 assessment of Plaintiff's ability to perform work-related functions.

24 **III. Conclusion**

25 For these reasons, the Court finds the Commissioner's decision is supported by
26 substantial evidence and free from harmful legal error.

27 Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is kindly directed to enter judgment accordingly and terminate this appeal.

DATED this 26th day of June, 2014.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge